IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:20-CR-95-FL-1
NO. 4:23-CV-7-FL

| | | |
|---|---|---|
| SADEQUIN ANDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on mandate of the United States Court of Appeals for the Fourth Circuit, dismissing petitioner's appeal and remanding to the district court for further proceedings consistent with its unpublished opinion entered September 2, 2025. Therein, the Fourth Circuit determined the district court did not adjudicate all of the claims raised in petitioner's motion to amend, filed October 6, 2023. "Specifically, the district court failed to address [petitioner]'s claims that the court erred by applying a sentencing enhancement for possession of a stolen firearm; that the Government breached the plea agreement, rendering it invalid; and that the court failed to adequately notify Anderson before imposing an enhanced sentence." (Op. (DE 104) at 2). The Fourth Circuit thus remanded "for consideration of the unresolved claims." (Id.).

In accordance with the mandate of the Fourth Circuit, the court hereby VACATES its order and judgment entered October 12, 2023 (DE 94, 95), and DIRECTS the clerk to reopen the case, along with defendant's motion to vacate (DE 76), the government's motion to dismiss (DE 88), and defendant's motion for leave to amend his 28 U.S.C. § 2255 petition (DE 93), so that the court can consider the specified unresolved claims.

The court DIRECTS the government to file, within **21 days** of the date of this order, a response to petitioner's motion to amend (DE 93), addressing the missed claims. Petitioner is allowed **21 days** from service of the government's response to file a reply thereto, including confirmation, if any, that petitioner wishes to continue to pursue the instant § 2255 motion now that petitioner has completed his term of imprisonment.[1] Thereupon the court will enter such further order as is warranted regarding the reopened motions. The clerk is DIRECTED to obtain from petitioner's supervising United States Probation Officer an updated address for petitioner.

SO ORDERED, this the 29th day of October, 2025.

LOUISE W. FLANAGAN
United States District Judge

---

[1] Per violation report from the United States Probation Office dated August 28, 2025, petitioner was released from imprisonment on or about July 8, 2025, and thereupon began his term of supervised release which is set to expire July 7, 2028. "A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999). However, the court provides an opportunity to petitioner to confirm that he seeks to pursue his § 2255 motion while on supervised release.